IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SEAN HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-00374-RAH |
| | ) |
| CODY AMERSON, et al., | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

This is an excessive force case stemming from Plaintiff Sean Henderson's interactions with Defendants Cody Amerson and Brady Amerson, deputies with the Elmore County Sheriff's Department, while Henderson was a detainee. Henderson brings claims for violations of his due process and equal protection rights under the Fourteenth Amendment and for race discrimination under 42 U.S.C. § 1981.

The Defendants have moved to dismiss the equal protection and § 1981 claims, leaving the due process claims to proceed forward.

On June 23, 2025, the Magistrate Judge recommended that the Defendants' Motion to Dismiss be granted. (*See* doc. 36 at 12.) Henderson timely filed an Objection (*see* doc. 37), but only to the Magistrate Judge's recommendation that the § 1981 claims be dismissed. Henderson does not object to dismissal of his equal protection claims. Accordingly, that aspect of the Recommendation will be adopted without further discussion.

As to the § 1981 claims, Henderson, citing to a single decision from the United States District Court for the District of Columbia, *see Mazloum v. District of Columbia Metro. Police*, 522 F. Supp. 2d 24 (D.D.C. 2007)—like he did with the

Magistrate Judge—claims that his § 1981 claims do state a claim. He argues that though he is not proceeding under the "make and enforce contracts" clause of § 1981, he is proceeding under the "full and equal benefit of all laws" clause. Henderson does not address, or even mention, the recent decision in this District in *Keith v. Agrella*, No. 1:22-cv-418, 2024 WL 1349016, at *7–8 (M.D. Ala. Mar. 29, 2024), in which another judge rejected the same arguments that Henderson now makes.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam) (citation omitted); *see also United States v. Gopie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009) (per curiam). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.* at 784.

In Henderson's Objection, he raises the same arguments that he made with the Magistrate Judge. And those center upon the case decisions that interpret the ability of a plaintiff to advance a claim under § 1981 in the absence of any allegation of an impaired contractual relationship. The Court has conducted an independent and *de novo* review of the record, including the pertinent case law, and concludes the Magistrate Judge did not err and properly interpreted and applied § 1981 and the case decisions interpreting it. In other words, the Court finds the reasoning and logic in the *Keith* decision to be sound.

Accordingly, upon an independent and *de novo* review of the record, it is **ORDERED** as follows:

1. The Recommendation (doc. 36) is **ADOPTED;**
2. Plaintiff's Objection (doc. 37) is **OVERRULED**;
3. The *Motion to Dismiss* (doc. 26) is **GRANTED**;
4. The Fourteenth Amendment equal protection and § 1981 race discrimination claims are **DISMISSED**;
5. This case shall proceed on the Fourteenth Amendment due process claims against the Defendants; and
6. This matter is referred back to the Magistrate Judge for further proceedings.

DONE, on this the 21st day of July 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE